Plaintiffs in this Indian claim case take exception to the trial judge’s findings and opinion which affirm the Government’s position and, in effect, reduce the amount of plaintiffs’ claimed reimbursement for attorney-expenses. Plaintiffs, attorneys of record in Docket No. 124-B,[1] maintain that the Bureau of Indian Affairs (BIA), by insisting on written verification of expenses, wrongly precluded them from verifying expense items by oral explanation.
The Government argues that plaintiffs were obligated under the terms of their contract to submit proper vouchers or documented evidence for expenses; and furthermore, that plaintiffs had adequate opportunity to present pertinent oral testimony at trial. We agree and (while holding for plaintiffs on the recovery of $1,941.96 in attorney expenses) deny any further reimbursement.
On July 9, 1951, plaintiffs amended their contract with the Miami Tribe of Indiana and agreed therein to verify all attorney-expenses by proper vouchers or other evidence. In addition, expenses were not to be paid without the approval of the Commissioner of Indian Affairs. During the ensuing thirty years, 1951 to 1981, plaintiffs failed to adopt an accounting system which would ensure the accurate docu *485 mentation and allocation of expenses to individually docketed cases. Consequently, in March of 1980, when plaintiffs filed their application for reimbursement of $6,464.66 for expenses allegedly incurred during the litigation of this case, the BIA auditor determined that only items amounting to $1,941.96 were adequately supported by appropriate vouchers or evidence. Plaintiffs in their petition seek reimbursement for the total amount of $6,464.66.
Plaintiffs do not deny their contractual obligation to verify expenses nor the necessity of securing BIA approval for expense claims. They do complain that BIA was unresponsive to their attempts to explain their application and to obtain reconsideration or review. The record shows, however, that a detailed response was made in a report filed on May 28, 1980, and that the Government undertook a review of plaintiffs’ application in June 1980.
We do not find that the BIA was unreasonable, arbitrary or capricious in its requirement that applications for the reimbursement of attorney-expenses be accompanied by proper vouchers or documented evidence. Moreover, even if the BIA had erred in this matter, plaintiffs had an adequate opportunity to introduce pertinent oral testimony and additional substantive evidence at trial on September 23, 1980.
We agree with the trial judge that plaintiffs are entitled to $1,941.96 and concur with him in that plaintiffs did not introduce at trial sufficient evidence to substantiate their $6,464.66 claim. There are no issues of law remaining before this court; plaintiffs have simply failed fully to maintain their burden of proof vis a vis attorney-expenses.
Accordingly, after consideration of the submission of the parties,' without oral argument of counsel, an award is entered in favor of the plaintiffs for the following amounts: Robert C. Bell, Jr., for $1,063.84 and in favor of David L. Kiley, Albert C. Harker and Kiley, and Kiley, Osborn, Kiley and Harker for $878.12, to be paid out of that part of the final judgment of $1,259,147.80 entered on February 2, 1979, which was entered in favor of plaintiff in Docket No. 124-B.

 Judgment was entered in favor of plaintiffs in Docket No. 124-B for the Miami Tribe of Indiana, et al., on February 2,1979, 219 Ct.Cl. 720. By order entered October 12,1979,221 Ct.Cl. 993, attorneys’ fees were awarded in the amount of $50,365.91.